IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FANESSA LYNN DUKE, <br><br> Petitioner, <br><br> v. <br><br> WARDEN,[1] <br><br> Respondent. | Case No. 3:26-CV-89-NJR |

## ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Fanessa Duke is an inmate of the Federal Bureau of Prisons (BOP) currently housed at Federal Prison Camp Greenville within the Southern District of Illinois. (Doc. 1). She brings this habeas corpus action pursuant to 28 U.S.C. § 2241. *Id.* She has neither paid the filing fee nor requested leave to proceed without prepayment. (*See* Doc. 3). Normally, the Court would not act before such payment was made or leave granted. However, a defect in Duke's petition requires immediate attention. For the reasons below, Duke's petition is dismissed without prejudice and with leave to amend.

Congress has directed that an applicant for the writ of habeas corpus must allege "the name of the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *accord Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006). This person must be the

---

[1] At this time, there is actually no respondent in this case. As discussed herein, Petitioner Fanessa Duke did not name a respondent in her petition. (Doc. 1, at 1). On Duke's form petition, she left the space for respondent blank. *Id.* The Clerk's Office seems to have inserted "Warden" as a placeholder when it processed the petition (one presumes the filing software would not permit the case to be opened without an entry for the other side of the "v").

petitioner's "immediate custodian": typically, for an inmate of jail or prison, the warden. *Kholyavskiy*, 443 F.3d at 949; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–36 (2004) ("[T]here is generally only one proper respondent to a given prisoner's habeas petition. . . . [L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."). If a petitioner fails to name their immediate custodian, the petition must be dismissed. *See Kholyavskiy*, 443 F.3d at 954.

Here, Duke failed to name any respondent whatsoever. (Doc. 1, at 1). Therefore, her petition shall be dismissed. Duke must submit an amended petition naming the proper respondent if she wishes to proceed with this case.

Accordingly, Petitioner Fanessa Lynn Duke's petition (Doc. 1) is **DISMISSED without prejudice**. Duke is **ORDERED** to submit an amended petition **on or before March 11, 2026**. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition and its exhibits. *See, e.g.*, *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. In addition, Duke must resubmit any exhibits and attachments that she wishes the Court to consider along with her amended petition. Failure to file an amended petition shall result in the dismissal of this action.

This Court previously ordered Duke to submit her $5.00 filing fee or a motion to proceed without prepayment of the filing fee by February 26, 2026. (Doc. 3). The Court

on its own motion will extend that deadline for Duke's convenience. Duke is therefore **ORDERED** to submit the $5.00 filing fee or a motion to proceed without prepayment of the filing fee **on or before March 11, 2026**. If Duke files a motion to proceed without prepayment of the filing fee, the Court must review her trust fund account statement for the six-month period immediately preceding the filing of this action. Thus, she must have the Trust Fund Officer at her facility complete the certification attached to this Court's order of January 27, 2026 (Doc. 3) and provide a copy of her trust fund account statement (or institutional equivalent). If she fails to pay the filing fee or submit a motion to proceed without prepayment of the filing fee by the deadline, the case will be dismissed without prejudice for failure to prosecute. FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

To assist Duke in preparing her amended petition, the Clerk of Court is **DIRECTED** to mail her a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

**IT IS SO ORDERED.**

DATED:   February 9, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**