IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FANESSA LYNN DUKE,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN, FCI GREENVILLE,<br><br>        Respondent. | Case No. 3:26-CV-89-NJR |

# ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Fanessa Duke is an inmate of the Federal Bureau of Prisons (BOP) currently housed at FCI Greenville within the Southern District of Illinois. (Doc. 7). She brings this habeas corpus action pursuant to 28 U.S.C. § 2241. *Id.*[1] Duke claims the BOP has improperly calculated her earned time credits. *Id.* at 6–18. Duke admits she has not exhausted her administrative remedies. *Id.* at 2, 10. She argues, however, that administrative exhaustion would be futile because the process would take too long to afford her relief. *Id.* at 10–11. She asks this Court to waive the requirement. *Id.*

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus

---

[1] Duke's original petition (Doc. 1) was dismissed without prejudice (Doc. 4) for failure to name a respondent under 28 U.S.C. § 2242 and *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006).

cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). An inmate can challenge the calculation of her sentence, including the application of time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012).

The Court has reviewed Duke's petition. Without commenting on the merits of her claims, it is not plainly apparent that Duke is not entitled to relief. Accordingly, the Court **ORDERS** Respondent Warden, FCI Greenville to answer or otherwise plead on or before **March 24, 2026**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Duke is **ADVISED** of her continuing obligation to keep the Clerk of Court and the opposing party informed of any change in her whereabouts while this action is pending. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:   February 24, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**