IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FANESSA LYNN DUKE,

        Petitioner,

v.

WARDEN, FCI GREENVILLE,

        Respondent.

Case No. 3:26-CV-89-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Fanessa Lynn Duke is an inmate of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institute in Greenville (FCI-Greenville) within the Southern District of Illinois. (Doc. 7). She brings this habeas corpus action pursuant to 28 U.S.C. § 2241. *Id.*[1] Duke claims the BOP has improperly calculated her earned time credits. *Id.* at 6–18. Duke admits she has not exhausted her administrative remedies. *Id.* at 2, 10. She argues, however, that administrative exhaustion would be futile because the process would take too long to afford her relief. *Id.* at 10–11. She asks this Court to waive the requirement, as (by her math) she is due for release immediately. *Id.* Accordingly, any delay caused by pursuing her administrative remedies would prolong her incarceration. *Id.* This Court ordered Respondent Warden Susan Randolph[2] to

---

[1] Duke's original petition (Doc. 1) was dismissed without prejudice (Doc. 4) for failure to name a respondent under 28 U.S.C. § 2242 and *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006).

[2] Duke's amended petition identified Respondent as "Warden, FCI Greenville." (Doc. 7). Susan Randolph is the name of FCI Greenville's warden and is thus the proper respondent in this action. (Doc. 14, at 1 n.1).

respond to Duke's amended petition (Doc. 9, at 2), which she timely did (Doc. 14). Duke has not filed a reply.

Duke is currently serving a 168-month sentence for Conspiracy to Possess with Intent to Distribute Methamphetamine and Attempt to Possess with Intent to Distribute Methamphetamine. (Doc. 14-1). On June 9, 2021, when she first arrived at a BOP facility, Duke began to earn First Step Act Time Credits (FTCs). *Id.* Her statutorily imposed release date, without any adjustments, is February 7, 2032. (Doc. 14-2).

Under the First Step Act, BOP inmates earn FTCs as an incentive for participating in various programs; this equates with either 10 or 15 days (depending on the BOP's assessment of an individual inmate's recidivism risk) of FTCs for every 30 days of successful participation. 18 U.S.C. § 3632. These FTCs are applied in two ways: first, they can be used to hasten an applicant's early release *up to only 365 days*. 18 U.S.C. § 3624. Any additional FTCs can be applied only to hasten an inmate's transfer to pre-release custody (either home confinement or placement in a Residential Reentry Center). *See id.* Before a prisoner is transferred to pre-release custody under the First Step Act, however, she must have earned enough FTCs that her earned time is equal to the amount of time remaining in her "imposed term of imprisonment."[3] *Id.*

According to Respondent, as of March 1, 2026, Duke has accrued 825 FTCs. She is also participating in the BOP's Residential Drug Abuse Program. (Doc. 14). If she successfully completes the program, she may earn up to another year of early release

---

[3] The First Step Act provides further conditions before an inmate's FSA credits may be applied, such as having been determined to be at a low risk of recidivism for a certain number of reassessments, or approval by the warden. § 3624.

under 18 U.S.C. § 3621(e). Considering her anticipated completion of the program, her first 365 FTCs, and projected "Good Conduct Time," Duke's projected *release date* (as distinct from a date at which she is eligible for transfer to *pre-release custody*) is calculated by the BOP as February 7, 2031. (Doc. 14-1). Her remaining 460 FTCs may only be applied to a transfer to pre-release custody. Assuming she continues to participate in the required programs and does not show an increased risk of recidivism, she is projected to accrue another 435 FTCs after March 1, 2026, at which point her earned time will equal the remaining time in her imposed sentence. *Id.* Thus, she is projected to become eligible for transfer to pre-release custody under the First Step Act on August 26, 2028. *Id.* If the BOP chooses to exercise its discretion under the Second Chance Act to place Duke in pre-release custody up to an additional 365 days early, Duke could be eligible for a transfer to pre-release custody as soon as August 27, 2027. *Id.*

Duke argues the BOP has failed to apply the entirety of her FTCs, including those she is projected to earn *in the future*. (*See* Doc. 7, at 12–18). As she sees it, she will earn 15 days per month through February 7, 2032. *Id.* The total number of FTCs she could earn through that date is 1,860. *Id.* 365 FTCs would take a year off her sentence. *Id.* Then she would still have four years, one month, and five days of FTCs, which brings the date to January 2, 2027, even without a year under the Second Chance Act. *Id.* Therefore, she claims, once the Second Chance Act is applied, her "date of release should be [at her] completion" of the Residential Drug Abuse Program, then projected for April 20, 2026. *Id.*

The first problem with Duke's argument is that she has not exhausted her

administrative remedies, as she herself admits. (Doc. 7, at 10–11). Though there is no express exhaustion requirement in the statute, § 2241 petitions are subject to a common-law exhaustion rule. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *see also Vieth v. Williams*, No. 21-cv-170, 2021 WL 5177567, at *3 (S.D. Ill. Nov. 8, 2021) (citing *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)) (noting the exceptions to the exhaustion requirement). In order to grant Duke relief, this Court would need to determine whether an exception to the requirement applies. If it did not, her petition would be denied.

Second, and more fundamentally, Duke's claim is not cognizable at all. Habeas petitions under § 2241 may challenge only the fact or length of a prisoner's confinement, not the locations or conditions thereof. *e.g.*, *Puckett v. Acting Warden*, No. 25-CV-1609, 2026 WL 177622, at *2 (S.D. Ill. Jan. 22, 2026) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973)). Here (although her petition elides the distinction), Duke is seeking early application of more than 365 FSA credits; in other words, the relief she seeks would only speed her transfer to *pre-release custody*, not secure her an *early release*. She thus challenges not the duration of her confinement but its *location*: she would like to be on home confinement or in a Residential Reentry Center, not FCI-Greenville. But the BOP has "plenary control" over where an inmate serves her sentence. *Id.* (quoting *Tapia v. United States*, 564 U.S. 319, 331 (2011)) (citing *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021)); *Smith v. Federal Bureau of Prisons*, No. 25-CV-1544, 2026 WL 190002, at *2 (S.D. Ill. Jan. 26, 2026). Its decisions on that topic, including whether an inmate should be placed in pre-release custody or prison, are not reviewable by any court. *Smith*, 2026 WL 190002, at *2 (citations omitted).

But even if Duke were requesting early release rather than an early transfer to pre-release custody (making her claim cognizable under § 2241), and even if this Court waived the exhaustion requirement, Duke's petition would *still* be denied. That is because she is asking the Court to apply credits *she has not yet earned*. The First Step Act does not permit this. Under the statute, "FTCs may be applied only after they are actually earned and remain contingent on continued eligibility, participation, and conduct." *Puckett*, 2026 WL 177622, at *2 (citing 18 U.S.C. § 3632(d)(4)(C)). Duke may never earn those projected credits, so the BOP cannot rely on projections when applying them. *Id.* at *3 (citations omitted).

In short, Duke's claim has not been exhausted, is not cognizable in a § 2241 habeas petition, and would not be meritorious even if it were. Accordingly, she is not entitled to the relief she seeks. For these reasons, the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Fanessa Lynn Duke (Doc. 7) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk's Office is **DIRECTED** to enter judgment and close this case.

### NOTICE OF APPELLATE RIGHTS

If Duke wishes to appeal this Order, she must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). If she chooses to appeal, she will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Duke files a motion for leave to appeal *in forma pauperis*, she must include in her motion a description of the issues she intends to present on appeal.

*See* Fed. R. App. P. 24(a)(1)(C).

It is not necessary for Duke to obtain a certificate of appealability from this disposition of her § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:    April 30, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**